THE STATE OF DELAWARE, UPON THE RELATION OF WILLIAM
TINSMAN, *vs.* EVERETT B. HOLLINGSWORTH, WILLIAM T.
PURKS, SAMUEL L. BURRIS, BENJAMIN A. GROVES, MARTIN
E. SMITH, THOMAS S. FOURACRE, WILLIAM A. SCOTT, Compos-
ing THE LEVY COURT OF NEW CASTLE COUNTY.

1.  TAXATION—COLLECTORS—BONDS—STATUTORY PROVISIONS.

*Rev. Code of* 1915, § 1146, requiring tax collectors to execute a bond which
must be approved by the Levy Court, authorizes bonds with personal surety
or with a corporation not doing a surety business or with a corporation author-
ized to do a surety business in the state.

2.  TAXATION—COLLECTORS' BONDS—STATUTORY PROVISIONS.

*Rev. Code of* 1915, § 1146, requiring tax collectors to give bond, and provid-
ing that there shall be subjoined to the bond a warrant of attorney to confess
judgment thereon, and *sections* 636-639 authorizing corporations doing a
surety business in the state to become surety on bonds, and providing that,
where the form of the bond contains a warrant of attorney, the bond shall be
accepted without warrant of attorney being written therein, must be con-
strued together, and, when so construed, a bond with a personal surety or
with a corporation not authorized to do a surety business in the state must
have subjoined thereto warrant of attorney to confess judgment, but, when
a surety is a corporation authorized to do a surety business in the state, the
bond need not have subjoined thereto warrant of attorney.

(*June* 14, 1915.)

Judges RICE and HEISEL sitting.

*Philip L. Garrett* for petitioner.

*Frank L. Speakman* for respondents.

Superior Court, New Castle County, May Term, 1915.

Mandamus by the State, on the relation of William Tins-
man, against Everett B. Hollingsworth and others, composing
the Levy Court of New Castle County, to compel approval of
relator's bond as tax collector. Motion to dismiss denied.

PETITION FOR MANDAMUS (No. 108, May Term, 1915) in
which it was averred, in substance, that the relator is a citizen
of Christiana Hundred, New Castle County and State of Dela-
ware, and that, on the eighteenth day of May, A. D. 1915, by a
majority of the Levy Court Commissioners of New Castle County,
he was appointed collector of taxes for said hundred; that he
possesses all the qualifications to hold said office; that, on the

twenty-eighth day of May, A. D. 1915, he, together with the Fidelity and Deposit Company of Maryland, as surety, it being a surety company authorized to do business in the State of Delaware, gave bond to the State of Delaware in the penal sum of fifty-three thousand and sixty-seven dollars, said amount having theretofore been determined by the Levy Court as being as nearly as could be ascertained double the amount which the relator, as such collector, would be required to collect; that he tendered the bond to the Levy Court for approval, and that on the said twenty-eighth day of May, A. D. 1915, the Levy Court by resolution shown refused to approve the bond upon the sole ground that it was not in the form prescribed by *Section* 1146, *Revised Code of* 1915.

Respondents waived issuance of rule to show cause and appeared *gratis;* and, thereupon moved to dismiss the petition for the reason that the bond tendered by the relator was not sufficient under *Section* 1146, *Revised Code*, in that it did not have annexed thereto a warrant of attorney for the confession of judgment thereon.

HEISEL, J., delivering the opinion of the court:

The petition alleges that William Tinsman, the petitioner, is a citizen of Christiana Hundred, in this county, and was on the eighteenth day of May, 1915, duly appointed collector of taxes for said hundred; that he tendered to the respondents as surety on his collector's bond, the Fidelity and Deposit Company of Maryland, being a surety company authorized to do surety business in this state, which bond said respondents, acting as the Levy Court of New Castle County refused to approve, on the sole ground that said bond was not in the form prescribed by *Section* 1146, *Revised Code of* 1915, in that said bond did not have subjoined thereto a warrant of attorney to confess judgment thereon.

Counsel for respondents waived the issuance, service and return of the rule appearing *gratis*, and filed a motion to dismiss the petition and relies upon the ground, that it does not appear from the petition, that the bond entered into by the relator and

his surety, was in accordance with *Section* 1146 of the *Code*, in that said bond did not have subjoined thereto a warrant of attorney to confess judgment thereon.

Counsel for relator contends that *Section* 1146, in so far as it relates to warrants of attorney to confess judgment being subjoined to collector's bond, does not necessarily apply to surety companies doing a surety business in this state and that said *Section* 1146 is, in that respect, modified by *Sections* 636 to 639 of the *Code*.

[1, 2] Therefore the question presented for our determination requires the construction of *Sections* 1146 and 636 to 639, in so far as they relate to warrants of attorney to confess judgment on collector's bonds.

*Section* 1146 provides for the appointment of tax collectors for the hundreds outside of Wilmington by the Levy Court Commissioners, that his appointment is not deemed complete, until he shall have given bond to the State of Delaware, which bond and surety must be approved by the Levy Court. It then sets out the specific conditions of the bond, and further provides:

"To the said bond there shall be subjoined a warrant of attorney to confess judgment thereon, and the said bond and warrant shall be joint and several."

*Section* 636 limits the amount to which corporations, qualified to do a surety business in this state, may become surety on bonds, recognizances, etc.

*Section* 637 provides, that such corporations may be accepted as surety upon bonds, by any officer, judge, or any department of the state, or of any county, or municipal government whose duty it may be to approve the surety upon bonds, etc.

*Section* 638 provides for the payment of the surety company for its services as surety.

*Section* 639 is as follows:

"In all instances where corporate suretyship is offered in accordance with the provisions of this chapter, and where the form of the bond as now required by law contains a warrant of attorney, the said bond shall be accepted without said warrant of attorney being written therein."

Are the provisions of *Sections* 636 to 639 inconsistent with *Section* 1146? *Section* 1146 has to do primarily with the collection of county taxes, and sets forth the specific conditions of the surety bond required of the collector, and those conditions apply to all bonds given by collectors for that purpose, whether personal or corporate surety be given, and does not provide that the corporate surety thus given shall be by a corporation authorized to do a surety business in this state; therefore, if the person, or body to whom the surety is given, is satisfied, corporate bond could be given by a company not authorized to do a surety business in this state.

So that, under *Section* 1146 there are three distinct classes of surety that may be given: (a) Personal; (b) by a corporation not doing a surety business in this state, and (c) by a corporation duly authorized to do a surety business in this state; and all such bonds under *Section* 1146 must have subjoined thereto warrant of attorney to confess judgment.

*Sections* 636-639 have to do primarily, with corporations authorized to do a surety business in this state, and therein provide that such corporations in going surety on bonds, like the one in question, can do so without having attached to such bonds warrant of attorney to confess judgment.

The *Code* of 1915 was passed as one act of the Legislature, and, we think, like any other act of the Legislature, should be so construed as to give vitality and force to all parts thereof, if this can be done consistently with reason and the established rules of construction.

We think in this case, the sections in question can be so construed.

Thus construing them, the sections would mean, that when personal surety is given on a collector's bond, or when corporate surety is given on a collector's bond by a corporation not authorized to do a surety business in this state, the bond should have subjoined thereto warrant of attorney to confess judgment as provided by *Section* 1146; but when such surety is given by a corporation authorized to do a surety business in this state, the bond need not have subjoined thereto warrant of attorney to

confess judgment, because *Section* 639 takes them out of the general class provided by *Section* 1146, and specifically provides that surety bonds given by such companies need not contain warrant of attorney to confess judgment.

We therefore decline to grant the motion to dismiss the petition.